JUSTICE LEAPHART,
specially concurring.
¶83 I concur in the result reached by the Court and specifically with the conclusion that the right to a clean and healthful environment is a fundamental right guaranteed by the Declaration of Rights found at Article II, Section 3 of the Montana Constitution. Having so concluded, the Court goes on to declare that “state or private action which implicates either [Article II, Section 3 or Article IX, Section 1 of the Montana Constitution], must be scrutinized consistently. Therefore, we will apply strict scrutiny to state or private action which implicates either constitutional provision.” I agree that state action implicating the rights guaranteed by Article II, Section 3 or Article IX, Section 1, must be subject to strict scrutiny. Although Article IX, Section 1, clearly imposes an obligation on private entities, as well as the state, to maintain and improve a clean and healthy environment, I would not, in the context of this appeal, address the question of private action. In resolving this appeal, we are not addressing private action. Rather, we are addressing state action; that is, the constitutionality of a state statute. The conclusion that we will apply strict scrutiny analysis to private action is dicta which, I submit, may well prove unworkable in the future. As we state in this opinion, strict scrutiny analysis requires that the state demonstrate a compelling state interest and that its action is both closely tailored to effectuate that interest and the least onerous path that can be taken to achieve the State’s objective. I am not clear as to how, or whether, private action lends itself to a “compelling state interest” analysis. That is a question that I think would be better left to another day.
¶84 Finally, the Court concludes that
to the extent § 75-5-317(2)(j), MCA (1995), arbitrarily excludes certain “activities” from nondegradation review without regard to the nature or volume of the substances being discharged, it violates those environmental rights guaranteed by Article II, Section 3 and Article IX, Section 1 of the Montana Constitution. Our holding is limited to § 75-5-317(2)Cj), MCA (1995), as applied to the facts of *233 this case. We have not been asked to and do not hold that this section facially implicates constitutional rights.
¶85 I do not see how the Court can logically avoid declaring that the statute is unconstitutional on its face. The constitutional infirmity of § 75-5-317(2)(j), MCA (1995), is not limited to the facts in the present case but inheres in the statute’s creation of a blanket exception. It creates a blanket exception to the requirements of nondegradation review for discharges from water well or monitoring well tests without regard to the harm caused by those tests or the degrading effect that the discharges have on the surrounding or recipient environment. The fact that there may be water discharges from well tests, say for agricultural purposes, that do not in fact create harm to the environment, does not alter the fact that such discharges are exempted from nondegradation review and that such review is the tool by which the State implements and enforces the constitutional right to a clean and healthy environment. The facial unconstitutionality of § 75-5-317(2)(j), MCA (1995), lies in its exemption of particular water discharges from nondegradation review without consideration of the nature and volume of substances in the water that is discharged. The possibility that some water discharges will not harm the environment does not justify their exemption from careful review by the State to protect Montana’s fundamental rights to a clean and healthy environment and to be free from unreasonable degradation of that environment. The whole purpose of the nondegradation review is to determine, in advance, whether a water discharge will be harmful and, if so, is the harm justified and can it be minimized. See § 75-5-303, MCA. In excluding water discharges from well tests from review, the statute makes it impossible for the State to “prevent unreasonable depletion and degradation of natural resources” as required by Article IX, Section 1(3), of the Montana Constitution. Art. IX, Sec. 1(3), Mont. Const.
CHIEF JUSTICE TURNAGE joins in the foregoing specially concurring opinion.